UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

LEATRICE L. LITTLE,                    )
                                       )
          Plaintiff,                   )
                                       )
     vs.                               )          Case No. 1:20-cv-00256-MTS
                                       )
CAPE GIRARDEAU POLICE                  )
DEPARTMENT, et al.,                    )
                                       )
          Defendants.                  )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Cape Girardeau Police Department's (the

"CGPD") Motion to Dismiss, Doc. [10], and the Court's review of the record. In the Motion to

Dismiss, the CGPD argues that Plaintiff's Complaint fails to state a claim on which relief can be

granted pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court agrees, so it grants

Defendant's Motion. Separately, the Court notes that Plaintiff has not filed any proof of service

on the other two Defendants, Bill McHughes and B.J. Lincecum. The Court will briefly address

the Motion to Dismiss before turning to the service issue.

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Id.* at 678. The Court must construe pro se complaints liberally, but it "will not supply additional

facts, nor will [it] construct a legal theory for plaintiff that assumes facts that have not been

1

pleaded." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (quoting *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1991)).

Plaintiff's Complaint names as Defendants the Cape Girardeau, Missouri Police Department, Detective Bill McHughes, and "Hypnotist" B.J. Lincecum. Doc. [1] at 1. The Complaint lists three Counts, which read as follows:

### Count #1

A gross miscarriage of justice has transpired and the Plaintiff has evidence to support this assertion and will prove that this miscarriage of justice has caused detrimental distress and that these acts of careless behavior were reckless, purposely, knowingly, negligently committed and unconstitutional.

. . .

### Count #2

The Plaintiff will present evidence in court that proves that these Defendants deceived a jury by using racially charged, fabricated and discriminatory evidence.

### Count #3

The Plaintiff will present evidence to support that these acts has caused the Plaintiff severe emotional, social and financial distress, and that these acts support the Plaintiff assertions of defamation both slander and libel.

A trial will expose extremely high profile characters and actors involved in this miscarriage of justice and it is therefore that this Plaintiff will ask a jury to award One Billion Dollars . . . for each year that these Defendants caused the Plaintiff to be held as a captive, for a total of 6.3 Billion Dollars . . . .

The Plaintiff is expressing his constitutional right under the First Amendment to file grievance.

*Id.* at 1–2. Outside of the three Counts, Plaintiff makes no allegations as to the conduct of the Defendants giving rise to this action.

Regarding Plaintiff's case against the CGPD, police departments "are simply departments or subdivisions of the City government," and they are not "juridical entities suable as such." *See*

2

*Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992); *see also De La Garza v. Kandiyohi Cty. Jail, Corr. Inst.*, 18 F. App'x 436, 437 (8th Cir. 2001) (citing numerous cases holding the same). Moreover, Plaintiff failed to make any allegations against the CGPD in the Complaint. *See O'Brien v. Murphy*, No. 1:20-cv-00153-SEP, 2020 WL 6262126, at *3 (E.D. Mo. Oct. 23, 2020). For those reasons, Plaintiff has failed to state a claim against the CGPD on which relief could be granted, so the Court will grant the CGPD's Motion to Dismiss Plaintiff's action against it. *Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (affirming district court's dismissal for failure to state a claim because the complaint did "not make specific factual claims against the [county criminal justice center] and [d]id not demonstrate why" it was a suable entity).

Meanwhile, Plaintiff has not submitted to the Court any proof of service on Defendants McHughes or Lincecum, and neither Defendant has entered an appearance in this case. Federal Rule of Civil Procedure 4(m) provides that if a defendant has not been served within 90 days of the filing of the Complaint, the Court must dismiss the action without prejudice or order that service be made within a specified time. Plaintiff filed this case on December 1, 2020; the 90-day deadline for filing proof of service passed long ago. The Court therefore orders Plaintiff, by July 12, 2021, to file proof of service on Defendants McHughes and Lincecum or to show cause, in writing, why this action should not be dismissed without prejudice as to those Defendants for lack of timely service.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Cape Girardeau Police Department's Motion to Dismiss Complaint, Doc. [10], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall, no later than July 12, 2021, file with the Court proof of service on Defendants Bill McHughes and B.J. Lincecum. If Plaintiff fails to

file proof of service as to those Defendants or show good cause for why that service has not yet been made, the Court will dismiss Plaintiff's action against Defendants McHughes and Lincecum without prejudice, consistent with Federal Rule of Civil Procedure 4(m).

An appropriate Order of Dismissal will accompany this Memorandum and Order.


Dated this 1st day of July, 2021.


_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE